UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OLENA L. DE LUCA                                                                           PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:03CV-659-S

HOMESERVICES OF KENTUCKY, INC., et al.                  DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court for disposition of a number of motions in this action concerning the required payment by the plaintiff, Olena L. De Luca, of a Broker's Administrative Commission ("BAC") in connection with a number of real estate sales made by her between April 2000 and July 2002.

De Luca is proceeding in this matter *pro se*. She has filed an original and two amended complaints thus far in the litigation. She has thus been given ample opportunity to revise her allegations and more clearly target the conduct of which she complains. She now seeks leave of court to file a fourth amended complaint (DN 90)[1].

The document De Luca seeks to file contains paragraphs delineated 90 - 123. An endnote in the document states that

> [t]his pleading both amends the complaint pursuant to Federal Rule of Civil Procedure 15(a), and supplements the complaint pursuant to Federal Rule of Civil Procedure 15(d). However, because of the enormous size of the original complaint and exhibits, and the fact that the amendment of the original complaint herein only adds additional transactions, events, and occurrences, and elements that were concealed by the Defendants at the time of its filing and previous amended complaints: Plaintiffs are submitting this pleading in the form of a supplement to the

---

[1] In connection with the motion, De Luca also filed a motion for leave to file an amended memorandum and affidavit in support of plaintiff's motion for leave to file supplemental pleading and fourth amended complaint (DN 91), stating that the memorandum accompanying the motion contained some drafting errors. To the extent that she seeks simply to correct those errors, the motion to file amended memorandum (DN 91) will be granted.

>original complaint with paragraphs that continue the numbering of the original complaint and exhibits...

Thus it appears that the tendered document would add additional paragraphs and would not alter what has already been asserted in the third amended complaint. A review of the tendered pleading reveals that De Luca is attempting to bring to light what she considers to be recent admissions of wrongdoing or testimony which she perceives to be damaging to the defense.

The motion for leave to file a fourth amended complaint will be denied as futile as the court concludes that the third amended complaint must be dismissed. *Foman v. Davis*, 371 U.S. 178, 182; 83 S.Ct. 227, 230; 9 L.Ed.2d 222 (1962); *Leary v. Daeschner,* 349 F.3d 888 (6th Cir. 2003). The additional matters related in the proposed pleading have no bearing on the basis for the court's dismissal of the complaint as a matter of law. The motion to amend to add further verbiage to the complaint will therefore be denied.

De Luca has moved for a stay of decision on the pending motion of the defendants, Homeservices of Kentucky, Inc., et al., for summary judgment in order to permit her to obtain affidavits and depositions from the Department of Housing and Urban Development ("HUD"). She contends that she would use this evidence "to rebut the Defendants's motion for Summary Judgment and its misrepresentations." DN 100, pg. 4, ¶ 8. She claims that she has uncovered evidence that would establish that "Defendants lied to the Plaintiff in discovery." *Id.* at ¶ 6.

The motion for summary judgment was filed on October 26, 2004. (DN 75). The defendants have moved for summary judgment as a matter of law on facts that are either (1) as alleged by De Luca herself in the third amended complaint, (2) are taken in the light most favorable to her, or (3) are not disputed. De Luca responded to the motion on November 17, 2004. She has not articulated in her motion to stay, filed over six months later, how any discovery which might be obtained from HUD would alter the bases for relief urged by the defendants in their summary judgment motion. For this reason, the motion of De Luca to stay our decision in the matter (DN 100) will be denied.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

De Luca began working as a Sales Associate with Paul Semonin Realtors on April 13, 2000[2]. On that date she executed a Broker-Associate Contract with Semonin. The contract contained provisions establishing an independent contractor relationship between De Luca and Semonin, and establishing that she would be paid solely by commissions. Broker-Associate Contract, Preamble and ¶¶ 6, 11. De Luca signed a second Broker-Associate Contract on May 30, 2002.

Semonin deducted a $149.00 Broker Administrative Commission ("BAC") from eight commissions earned on real estate sales between April 13, 2000 and July, 2002 when she resigned. De Luca alleges that after a number of BAC deductions were made she was told on or about May

---

[2] Homeservices of Kentucky, Inc. is a Kentucky Corporation doing business as Paul Semonin Realtors. The complaint also names various officers of Homeservices of Kentucky and/or Paul Semonin Realtors. For purposes of this opinion, the defendants will be referred to collectively as "Semonin."

28, 2002 that these deductions were actually for maintenance of secretaries, the computer department, and for these services rendered to or made available to her, and that it was in her best interest to pay the charges. Third Amended Complaint, ¶ 27. De Luca contends that in the Broker-Associate Contract Semonin agreed to pay the expenses for "running the brokerage." *Id.*, ¶ 28. She alleges, therefore, that BACs should not have been deducted. It was those deductions which gave rise to this lawsuit.

De Luca has made the following claims against the defendants[3]:

(1) She alleges that the defendants breached the Broker-Associate Contract by taking more from her commissions than was allowed by the contract and by failing to perform certain promises in the contract.

(2) She alleges that the defendants violated the unjust enrichment doctrine by retaining money for the BACs allegedly owed by De Luca's customers.

(3) She alleges that the defendants breached a fiduciary duty to her because they failed to subordinate their personal interests in dealing with sales commissions.

(4) She alleges that the defendants breached a duty of good faith and fair dealing implied in the Broker-Associate Contract.

(5) She alleges that the defendants intentionally inflicted emotional distress upon her.

(6) She alleges that the defendants converted her property by unlawfully assuming ownership of her commissions.

(7) She alleges that the defendants perpetrated a fraud on her by concealing the true nature and purpose of the BACs.

(8) She alleges that the defendants violated the Real Estate Settlement Procedures Act ("RESPA") by misrepresenting the BACs on official forms and failing to provide explanation of the BACs to consumers.

(9) She alleges that the defendants' acts violated various criminal statutes.

The sole claim in this case which affords this court jurisdiction is the eighth count for violation of RESPA. De Luca seeks redress under 12 U.S.C. § 2607. She alleges that Semonin

---

[3] The court has attempted through a review of the third amended complaint and the briefs to paraphrase the claims. The complaint speaks for itself and is filed of record in the case. However, in light of the *pro se* nature of the filings, the court has attempted to pair up the claims with the factual bases for them recited in the complaint for illustrative purposes.

"misrepresents the administrative fee of $149.00 in the context of the RESPA Affiliated Business Arrangement Disclosure Statement Form, as well as other real estate disclosure documents...The Defendants' disguise a mandatory charge, for concealed, unspecified and undisclosed 'required use' services, and fail to provide validation and justification in explanation of the 'required use' services attendant to the 'Broker's Administrative Commission,' or an estimate of charges for such concealed, undisclosed services, and have charged such a fee to the Plaintiff when real estate customers refused to pay such illegal fees."  Third Amended Complaint, ¶¶ 74, 75.

The undisputed facts establish that De Luca was made aware of the BACs when the $149.00 was deducted from her commissions during the period April 13, 2000 through July 31, 2002.  She alleges that in response to her inquiries and complaints concerning the BACs, she was told, in confidence, on or about May 28, 2002 of the true nature of the charges.  Third Amended Complaint, ¶27.  She further alleges that "[a]fter Defendants revealed their deceptive character, Plaintiff began to investigate the legality of the Defendants' behavior, and upon counsel, eventually severed contractual association on or about July 05, 2002."  Third Amended Complaint, ¶ 29.

12 U.S.C. § 2614 states, in pertinent part, that "[a]ny action pursuant to the provisions of section...2607...of this title may be brought in the United States district court...where the violation is alleged to have occurred, within...1 year in the case of a violation of 2607...from the date of the occurrence of the violation..."

The one-year statute of limitations would begin to run on De Luca's claim on the date of the first transaction in which she played a part where a BAC was deducted from her commission.  The doctrine of equitable tolling, while not specifically provided for in the statute, has been applied by a number of courts to permit a plaintiff to toll the statute while the wrongful conduct was fraudulently concealed.  See, Kerby v. Mortgage Funding Corp., 992 F.Supp 787 (D.Md. 1998); Moll v. U.S. Life Title Insurance Company of New York, 700 F.Supp. 1284 (S.D.N.Y. 1988).  Even with application of the tolling principles, De Luca's claim under RESPA is time-barred.  Her

discovery of the allegedly fraudulent acts occurred at the time that the true nature of the BACs was revealed to her in May of 2002.

Even if we were to apply the date of her resignation from Semonin as the first date upon which it could be conclusively determine that she knew of and believed in the illegality of the acts of the defendants, a presumption which is dubious at best, the complaint was not filed in this court until fifteen months later.

Under general tolling principles, a plaintiff is entitled to toll the statute only so long as the alleged wrongful conduct is fraudulently concealed from her. *See, ie., Hoover v. Langston Equipment Associates, Inc.*, 958 F.2d 742(6th Cir. 1992)("Plaintiff's ignorance of its cause of action does not by itself satisfy the requirements of due diligence and will not toll the statute.") The statute is tolled until the plaintiff knows, or has reason to know by the exercise of due diligence of the wrongful conduct, not that she has a legal claim that she may assert therefore.

However, we will give De Luca the benefit of the doubt with respect to the time at which she became aware of the wrongfulness of the defendants' conduct. She claims in her responsive brief (*not* in her complaint or via an affidavit) that English is a second language for her, that Semonin tried very hard to mislead her, and that she had to rely upon her husband's knowledge in coming to understand the wrongfulness of Semonin's acts. By her own representations, however, she severed her relationship with Semonin in July of 2002 because of her investigation into the legality of their activities and her refusal to continue to comply with their practices which she had come to believe were illegal. Thus the latest date which could be applied to De Luca's claims is the date of her resignation on July 5, 2002. The complaint was not filed in this court until October 28, 2003. Her claim for violation of § 2607 of RESPA is time-barred by the 1-year limitations period of 12 U.S.C. § 2614 and must be dismissed.

In light of the fact that the sole federal claim will be dismissed from the case, the court, in its discretion, will decline to exercise supplemental jurisdiction over the abundant group of

traditional state law claims for breach of contract, emotional distress and the like which remain in the third amended complaint. *See, Vanderbroeck v. Commonpoint Mortgage Company*, 22 F.Supp.2d 677, 691 (W.D. Mich. 1998), *citing, Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also, J-II Enterprises, LLC v. Board of Commissioners of Warren County, Ohio*, 2005 WL 1285640 (6th Cir. May 18, 2005)("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims..." *quoting Musson, supra.*).

For the reasons set forth hereinabove, summary judgment will be entered in favor of the defendants and the third amended complaint will be dismissed.

For the reasons set forth hereinabove, the motion of the defendants, Homeservices of Kentucky, Inc., et al., for summary judgment (DN 75) will be granted. The court having found adversely to De Luca on her claims, as set forth above, her cross-motion for partial summary adjudication (DN 85) must be denied.